# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Avis Atkins**, <br> 777 E. Ocean Blvd <br> Apt. 2603 <br> Long Beach, CA 90802 <br><br>       Plaintiff, <br><br> v. <br><br> **Tanaka Chikosi**, <br> 2025 Hillyer Place <br> Unit 1 <br> Washington, D.C. 20009 <br><br>       Defendant. | Civil Action No. 1:23-cv-00021 <br> (Jury Trial Demanded) |

## VERIFIED COMPLAINT

Plaintiff Avis Atkins ("Plaintiff" or "Atkins"), by and through her attorney, Kathlyn Scott, Esq., brings this cause of action by way of Complaint against Defendant Tanaka Chikosi ("Defendant" or "Chikosi"), and in support thereof, avers as follows:

### PARTIES

1. Plaintiff, Avis Atkins, is an adult individual residing at 777 E Ocean Blvd, Apt 2603, Long Beach, CA 90802.

2. Defendant, Tanaka Chikosi, is an adult individual who resides at 2025 Hillyer Place, Unit 1, Washington, D.C. 20009.

### JURISDICTION AND VENUE

3. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §1332(a)(1) in that Plaintiff is a citizen of the State of California and Defendant is a citizen of the District of Columbia and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Defendant because (i) he is a resident of the District of Columbia and (ii) a substantial part, if not all, of the events or omissions giving rise to this Complaint occurred in the District of Columbia.

5. Venue is proper in the federal judicial district for the District of Columbia

pursuant to 28 U.S.C. 1391(b)(2) in that this action concerns, inter alia, real estate located at 2025 Hillyer Place, Unit 1, Washington, D.C. 20009.

## OPERATIVE FACTS

6. On November 24, 2020, Plaintiff Atkins and Defendant Chikosi acquired, as joint tenants, an interest in the property known as Holton House Condominium, specifically 2025 Hillyer Place, Unit 1, Washington, D.C. 20009 (the "Property"). See Ex. "A", Deed dated November 24, 2020.

7. Prior to the purchase of the Property Defendant represented to Atkins, and convinced Atkins, that he was in an exclusive, monogamous, relationship with Atkins, that he desired and fully intended to marry Atkins on that basis and expressed to Atkins his exclusive and undying love for her.

8. Defendant, shortly after his declarations to Atkins of exclusivity, monogamy, undying love and marital intentions, proposed that he and Plaintiff purchase the Property immediately for their home in which they would live as a monogamous couple preparing for their wedding.

9. Plaintiff believed Defendant's representations and declarations and relied on the same to her detriment and purchased the Property with Defendant's and Plaintiff's name on the Deed.

10. Plaintiff was unrepresented by counsel during the purchase of the Property and relied on Defendant, who made other representations that his education, knowledge, skills and abilities in the financial and legal arenas rendered him qualified to conduct the Property purchase on the couple's behalf, making sure that the best interests of the Plaintiff were protected, and that legal counsel was not necessary for either of the parties.

11. The cost to purchase the Property included the purchase price of $702,000.00 and closing costs of approximately $95,000.00, including the down payment, which the overwhelming majority (between 80 to 99 percent) of those amounts were paid in substantial part through Plaintiff Atkin's resources.

12. The amount required for the purchase of the Property after the down payment and closing costs was approximately $631,800.00 and that remaining amount was obtained by Atkins as a loan with Atkins applying for the loan and approved as the only obligor and the sole credit relied upon for the extension of that loan from TowneBank Mortgage (the "TowneB Loan"), which loan is secured by a first mortgage on the Property, dated November 24, 2020 (the "TowneB Mortgage").

13. Plaintiff Atkins also qualified independently, and received pre-approval as well, from another lender, to purchase the Property.

14. Not long after the Property purchase Defendant began to behave suspiciously by subscribing to online dating applications, matching with women, starting multiple relationships outside of the one with Atkins, and Defendant would also pick up women

2

from nightclubs.

15. By November of 2021 it became undeniably apparent that Defendant completely misrepresented himself, his lifestyle, and his relationship with Atkins, as Defendant began to blatantly expose other sexual and romantic relationships in which he was engaged on an ongoing basis, which shocked Plaintiff because, again, Defendant represented to Plaintiff that he was not involved in any type of romantic, emotional (outside of close relatives), or sexual relationships of any nature other than with Plaintiff and that Defendant wanted to purchase the Property as permanent partners, plan their wedding and live as a permanent monogamous couple in the Property together.

16. When Plaintiff learned of Defendant's misrepresentations and deception, which, again, was after the Purchase of the Property, and confronted Defendant, he eventually admitted his misrepresentations and deception, but instead of showing remorse, Defendant challenged Plaintiff Atkins to accept his "polyamorous", for lack of a better term, lifestyle.

17. Prior to the purchase of the Property Defendant represented and maintained that he believed in monogamous relationships only and that Plaintiff Atkins was the only person with whom he was in a relationship and that he intended to marry Plaintiff imminently.

18. Despite Plaintiff's requests, Defendant refused to cease and desist with his conduct to which Plaintiff never agreed or consented, which left Plaintiff emotionally distraught, depressed, confused, and financially damaged, among other things, and Defendant's unabated, unacceptable, conduct escalated into physical altercations rendering the parties living together at the Property unhealthy, untenable, and, basically, impossible.

19. Defendant became physically violent, but refused to move out of the Property, forcing Plaintiff to move to out of the Property, rent an apartment and spend her earnings paying for yet another place to live so that she would be Physically safe from Defendant, while Defendant enjoys the full and exclusive use to the Property over the objections of Plaintiff, who wants the Property sold or to be bought out by Defendant; nonetheless, Defendant uses the Property for the location of his activities and to generate Airbnb revenue, none of which revenue is Defendant currently providing to Plaintiff in any amount.

20. Defendant continues to fail to consent to the sale of the Property; he continues to fail to refinance the Property and/or buyout Plaintiff's ownership interest in the Property; and Defendant now fails to share with Plaintiff the rents/fees for the Property resulting from rentals/use of the same.

21. Defendant knowingly made false representations about himself and his lifestyle to deceive Plaintiff and in reliance on Defendant's representations Plaintiff purchased the Property with Defendant.

22. On or about March 18, 2021 Defendant notified Plaintiff of his intention to begin

daily rental of space in the Property under Airbnb arrangements while living in the Property and the parties established an LLC to receive revenue from those activities.

23.     Defendant held multiple parties in the home without the consent of Plaintiff and hosted multiple women in the home without the consent of Plaintiff and outside of the Airbnb arrangements with other condo owners making complaints about the disturbance from the parties.

24.     On or about May 24, 2022 Plaintiff requested that Defendant agree to sell the Property, but Defendant refused to do so, ultimately rendering Plaintiff unable to purchase a property in which to live elsewhere and causing Plaintiff significant financial damage, among other things, including mental and emotional distress.

25.     Defendant initially shared Airbnb income from the Property with Plaintiff from March 2021 to October 2022, but in November 2022 Defendant ceased sharing Airbnb income with Plaintiff and is wrongfully withholding those revenues.

26.     Starting in May 2022 through September 2022 Plaintiff made requests for Defendant to allow a licensed real estate professional to sell the Property and each time Defendant either refused or offered to refinance and buy out Plaintiff, but took no apparent actions to do so, or ignored Plaintiff's requests, and in addition to agreeing to a meeting with Plaintiff in June of 2022 to discuss a sale, when Plaintiff arrived in DC at the agreed upon time and public meeting location, Defendant Chikosi never showed up for the meeting.

27.     On or about October 21, 2022 Plaintiff, through her counsel, sent a letter to Defendant demanding that the Defendant refinance the Property and buyout Plaintiff, and invited Defendant to contact Plaintiff's counsel within 14 days to resolve the matter; however, Defendant failed to contact Plaintiff's counsel or provide any evidence of any steps taken to refinance the Property and buyout Plaintiff, or consent to a sale of the Property.

28.     Defendant Chikosi obtained an interest in the Property through his misrepresentations to Plaintiff and uses the Property for his own purposes (as his residence to the exclusion of Plaintiff and to generate income for himself, among other things) and thus frustrating Plaintiff's rights and expectations as an owner, along with refusing to cooperate with Plaintiff so that the Property can be sold.

29.     Specifically, upon information and belief, Defendant Chikosi withdrew all funds generated under Airbnb in respect of the Property and is using those funds for his personal benefit to the exclusion of Plaintiff.

30.     Defendant was, and continues to be, unjustly enriched: (i) through the Property purchase; (ii) by wrongfully obtaining sole possession and/or using the Property for purposes that Defendant concealed from Plaintiff; (iii) by making it impossible for Plaintiff to reside in the Property and using the property for Defendant's own benefit to the exclusion of Plaintiff; and (iv) by taking, using and converting to his own revenues from the Property.

31. By reason of the aforesaid, Defendant has (i) misrepresented himself and his lifestyle, either intentionally with the intent to deceive and/or defraud Plaintiff or wantonly and negligently, with reckless disregard for the consequences of his actions for the purpose of obtaining personal gain through unconscionable and unlawful methods; (ii) wrongfully forced Plaintiff to move out of her own Property; (iii) refused to consent to a sale of the Property; (iv) breached his representations that he was refinancing and buying out Plaintiff 's interests in the Property (v) taken for his exclusive use the Property and revenue generated in respect of the Property and is keeping the proceeds for himself at the expense of the Plaintiff; and (vi) caused such other harm as may be established through discovery and trial. Said damages exceed $75,000.00.

## COUNT I

## PLAINTIFF v. DEFENDANT

## BREACH OF FIDUCIARY DUTY

32. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth at length herein.

33. At all times relevant hereto, by virtue of Plaintiff's trusted relationship with Defendant, which Defendant caused through his misrepresentations and/or by virtue of a confidential relationship, and later through the parties Airbnb business activities, which in essence was a partnership, Defendant owed fiduciary obligations to Plaintiff.

34. By reason of the aforesaid, Defendant breached his fiduciary obligations to Plaintiff, which breaches include but are not limited to inducing Plaintiff into a relationship/partnership on false pretenses, using that relationship to induce the Plaintiff to carry out real estate transactions harmful to Plaintiff, promising to protect the best interests of Plaintiff in the transactions, failing to do so for personal gain, and then converting, without Plaintiff's knowledge or consent, income from the Property, and pocketing the proceeds, which have been withheld from and not shared with the Plaintiff.

35. These breaches were intentional, willful and material and Defendant's actions were willful, wanton and outrageous thereby justifying the award of punitive damages.

   WHEREFORE, Plaintiff Avis Atkins demands judgment be entered in her favor and against Defendant Tanaka Chikosi for relief as set forth below.

## COUNT II

## PLAINTIFF v. DEFENDANT

## FRAUD

36. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth at length herein.

37.     As set forth supra, Defendant made false and misleading representations and promises to Plaintiff regarding his lifestyle and intentions regarding the relationship/partnership and the Purchase and use of the Property and the purpose for the same.

38.     These false statements comprise both affirmative misrepresentations and omissions of fact, wherein Defendant, prior to the purchase of the Property, never disclosed to Plaintiff that (i) he was involved in a polyamorous lifestyle,(ii) had no intention of carrying out relationship with Plaintiff on a monogamous (emotionally and physically) as Defendant represented was the case, (iii) that he was angling for Plaintiff to engage in the purchase the Property for Defendant's sole use as his residence to the exclusion of the Plaintiff, and (iv) that Defendant intended to use the Property for his sole economic and income purposes to the exclusion of the Plaintiff.

39.     Defendant made the misrepresentations and omissions of fact either knowing that they were false and/or material, or acting with deliberate and reckless disregard as to their veracity and material nature.

40.     Defendant made these misrepresentations and omissions of fact with the intent of misleading Plaintiff  into relying on them so as to allow Defendant to obtain an ownership interest in the Property, to enrich himself to the detriment of Plaintiff,  and to exclude Plaintiff from enjoyment and use of the Property in every way.

41.     Plaintiff did in fact rely on Defendant's misrepresentations and omissions of material fact, and was unable to prevent Defendant's unlawful actions.

42.     These intentional misrepresentations and omissions of material fact caused Plaintiff to suffer damages in excess of $75,000.

43.     Defendant's actions were done with the intent to harm Plaintiff and were outrageous and without justification and are such that they warrant the imposition of punitive damages.

   WHEREFORE, Plaintiff Avis Atkins demands judgment be entered in her favor and against Defendant Tanaka Chikosi for relief as set forth below.

## COUNT III

### PLAINTIFF v. DEFENDANT

### UNJUST ENRICHMENT

44.     Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if set forth at length herein.

45.     As heretofore alleged, the Defendant has been unjustly enriched at the Plaintiff's expense.

46.     Equity and good conscience compel Defendant to compensate Plaintiff for the amounts by which Defendant has been unjustly enriched.

   WHEREFORE, Plaintiff Atkins demands judgment be entered in her favor and against Defendant Chikosi for relief as set forth below.

## COUNT IV

## PLAINTIFF v. DEFENDANT

## CONVERSION

47.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth at length herein.

48.     By reason of the aforesaid, including through his taking and using for his benefit to the detriment of Plaintiff the Property, revenue and other benefits, Defendant has unlawfully and without justification converted the Property and revenues.

49.     Plaintiff has suffered damage as a result of Defendant's conduct.

50.     Defendant's actions are willful wanton and outrageous and justify the award of punitive damages.

   WHEREFORE, Plaintiff Avis Atkins demands judgment be entered in her favor and against Defendant Tanaka Chikosi for relief as set forth below.

## COUNT V

## PLAINTIFF v. DEFENDANT

## CONSTRUCTIVE TRUST

51.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth at length herein.

52.     Defendant has acquired and/or is in possession of assets and money through fraud, breaches of his fiduciary duty, and/or other acts of affirmative misconduct averred herein.

53.     As outlined above, Defendant wrongfully acquired and/or retained money and Property and thus was unjustly enriched.

54.     As a result, Plaintiff seeks the imposition of a constructive trust over the said Defendant's assets in an amount sufficient to satisfy the liabilities set forth herein.

   WHEREFORE, Plaintiff Avis Atkins demands judgment be entered in her favor and against Defendant Tanaka Chikosi for relief as set forth below.

## COUNT VI

## PLAINTIFF v. DEFENDANT

## PERMANENT INJUNCTION

55. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth at length herein.

56. Defendant, upon information and belief, remains in possession of the proceeds of revenues in respect of the Property and Plaintiff's damages continue to increase daily as such proceeds are used by Defendant.

57. Accordingly, Plaintiff seeks a permanent injunction freezing all assets of Defendant, including Defendant's bank accounts and preventing the Defendant from taking any action with respect to the Property and/or revenues therefrom, except as agreed in advance in writing between the Plaintiff and Defendant or as ordered by the Court.

WHEREFORE, Plaintiff Avis Atkins demands judgment be entered in her favor and against Defendant Tanaka Chikosi for relief as set forth below.

## COUNT VII

## PLAINTIFF v. DEFENDANT

## SALE OF PROPERTY

58. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth at length herein.

59. Plaintiff and Defendant are of full age.

60. Plaintiff and Defendant are not married to each other.

61. Plaintiff and Defendant are joint tenants of the Property.

62. The Property is located in the District of Columbia.

63. The Property cannot be divided without loss or injury to the parties.

64. The Plaintiff is not residing in the Property.

65. Plaintiff has a right under D.C. Code §16-2901 to the sale of the Property and money arising from the sale.

WHEREFORE, Plaintiff Avis Atkins demands judgment be entered in her favor and against Defendant Tanaka Chikosi for relief as set forth below.

**FURTHER RELIEF REQUESTED**

66. By reason of the aforesaid, Plaintiff seeks the following:

(a) Equitable relief including, without limitation, disgorgement of all amounts Defendant received in Respect of the Property;

(b) Permanent injunctive relief as needed to prevent Defendant from undertaking further unlawful acts and further harming Plaintiff, including without limitation enjoining Defendant from accessing revenues in respect of the Property;

(c) Imposition of a constructive trust over the Defendant's assets in an amount sufficient to satisfy the liabilities set forth herein;

(d) An Order pursuant to D.C. Code §16-2901 authorizing Plaintiff to sell the Property using the services of licensed real estate professionals to assist Plaintiff in marketing and selling the Property.

(e) An award to Plaintiff of damages in excess of $75,000.00, plus punitive damages;

(f) An award of reasonable counsel fees and costs as against Defendant;

(g) Costs, and pre-judgment interest as permitted by law; and

(h) Such other relief as may be deemed just and equitable.

**JURY DEMAND**

67. Plaintiff demands a jury trial before twelve (12) jurors.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## **RESERVATION OF RIGHTS**

68. Plaintiff reserves the right to amend the Complaint pursuant to Fed.R.Civ.P. 15, to join additional parties and assert such additional claims based on information learned during discovery.

Respectfully submitted,

/s/ *Kathlyn Scott, Esq.*
DC Bar# 423363
Kathlyn Scott, Esq.
1629 K Street, NW
Suite 300
Washington, DC 20006
Phone: (202) 827-9984
Email: kscott@kscottesq.com

Dated: January 3, 2023

## VERIFIED COMPLAINT

I, Avis Atkins, being of full age, hereby certify that I am the Plaintiff in the foregoing Complaint. I verify under penalty of perjury that the foregoing information in the Complaint is true and correct to the best of my knowledge, information and belief.

_____
Avis Atkins

Dated: January 3, 2023

# EXHIBIT A

DOC #: 2020148158
12/03/2020 03:48 PM

# DEED

**THIS DEED**, made this 24th day of November, 2020, By and Between

**MAJEN ENERGY, L.L.C.,** a Texas Limited Liability Company; as SOLE OWNER

                                                            Party of the First Part

**AND**

**AVIS ATKINS and TANAKA CHIKOSI,** JOINT TENANTS

                                                            Parties of the Second Part

**WITNESSETH,** that in consideration of **TEN DOLLARS ($10.00)**, the Party of the First Part does hereby grant unto the Parties of the Second Part, in **Fee Simple**, as JOINT TENANTS, all that piece or parcel of land, together with the improvements, rights, privileges and appurtenances to the same belonging, situate in the District of Columbia, described as follows, to wit:

## SEE EXHIBIT "A" ATTACHED HERETO
## AND
## MADE A PART HEREOF

**AND** the said Party of the First Part covenants that they will warrant specially the property hereby conveyed and that they will execute such further assurances of said land as may be requisite.

**IN WITNESS WHEREOF**, the said **MAJEN ENERGY, L.L.C.** has caused these presents to be executed, acknowledged and delivered by **STEVEN J. LINDLEY, its Managing Member,** and does hereby certify that the within conveyance was duly authorized by a Resolution of its Members.

**MAJEN ENERGY, L.L.C.**

*STEVEN J. LINDLEY*
_____(SEAL)
**By: STEVEN J. LINDLEY, Managing Member**

*- See Attached Notary Acknowledgement -*

| | |
|---|---|
| RETURN TO: | PARAGON TITLE & ESCROW COMPANY<br>7415 ARLINGTON ROAD,<br>BETHESDA, MARYLAND 20814 |
| PROPERTY ADDRESS: | 2025 HILLYER PLACE NW, #1<br>WASHINGTON, DC 20009 |
| PARAGON CASE #: | 2163-20 |
| TITLE INSURER: | FIRST AMERICAN TITLE INSURANCE COMPANY |

# NOTARY ACKNOWLEDGEMENT
## (ENTITY - RON/AVN)

STATE OF MARYLAND

COUNTY OF MONTGOMERY

On this 24th day of November, 2020, before me, the undersigned officer, personally appeared **STEVEN J. LINDLEY, Managing Member of MAJEN ENERGY, L.L.C.**, online by way of two-way audio and video communication technology, known to me (or satisfactorily proven) to be the person whose name is subscribed to within the instrument and acknowledged that they executed the same for the purposes therein contained. This notarial act involved a remotely located individual and the use of communication technology.

In witness whereof I hereunto set my hand and official seal.

*Philip S. Raskin* (signature)

Notary Public – PHILIP S. RASKIN

My Commission expires: May 13, 2024

---

PHILIP S. RASKIN

Notary Public - Maryland

Montgomery County

My Commission Expires   May 13, 2024

Notarized online using audio-video communication

# EXHIBIT "A"

All that certain lot or parcel of land situate in the District of Columbia and being more particularly described as follows:

Part of Lot numbered One Hundred Seven (107) in Curtis J. Hillyer and others' subdivision of lots in Square numbered Ninety-three (93), as per Plat recorded in Liber 12 at folio 118 in the Office of the Surveyor for the District of Columbia.

The part of land conveyed being more particularly designated as UNIT 1 of the "HOLTON HOUSE CONDOMINIUM," according to the Declaration of Condominium and the By-Laws relating thereto, recorded February 21, 2017 as Instrument Nos. 2017019346 and 2017019347, respectively, among the Land Records of the District of Columbia, and any and all subsequent amendments thereto, and as per Plat and Plans of Condominium Subdivision recorded in Condominium Book 94 at page 43 in the Office of the Surveyor for the District of Columbia.

- TOGETHER WITH all of the appurtenances incident to said Unit(s), as contained m the Declaration of Condominium, as amended.

- SUBJECT, HOWEVER, to all the provisions, restrictions, easements and conditions as contained in the Declaration of Condominium and the By-Laws relating thereto, as amended.

The Condominium Declaration allocates to the Condominium Unit an undivided interest (stated as a percentage) in the common elements of the Condominium (hereinafter called the "Percentage Interest"). The Percentage Interest of the Condominium Unit is set forth in the Condominium Declaration.

NOTE: At the date hereof the above described land is designated on the Records of the Assessor for the District of Columbia for assessment and taxation purposes Lot 2011 in Square 0093.

File #2163-20

```
Doc #: 2020148158
Filed & Recorded
12/03/2020 03:48 PM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
   RECORDING FEES          $25.00
   SURCHARGE               $6.50
   RECORDATION TAX FEES    $10,179.00
   TRANSFER TAX FEES       $10,179.00
TOTAL:                     $20,389.50
```